No. 13,242.

DAVIS *v.* BARTLETT.
(19 P. [2d] 496)

Decided February 20, 1933.

Mr. James P. Veerkamp, for plaintiff in error.

Mr. C. W. Dolph, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

J. B. Bartlett, the plaintiff below, obtained a judgment for $200 against E. G. Davis, who seeks a reversal of the judgment.

In March, 1931, Davis, who was driving his automobile on the public highway between Colorado Springs and Canon City, ran into a ditch that carelessly had been left open by men working on the highway, and his automobile was totally wrecked. Thereafter, while there was pending before the Legislature a bill for the relief of Davis on account of his loss, Davis employed Bartlett to collect the claim, agreeing to pay him for his services 25 per cent of whatever sum should be allowed to Davis, or recovered on his behalf, "from the state of Colorado, or otherwise." At his own expense, Bartlett employed attorney William G. Stewart to assist him in the matter, agreeing to divide with him whatever Bartlett should receive under the Davis contract. Davis, Bartlett and Stewart went from Colorado Springs to Denver and visited the capitol building for the purpose of appearing before the appropriate legislative committees. There was no formal committee meeting, but, as stated by Bart-

lett, they "rounded up" the members of the senate finance committee as best they could, but did not succeed in getting all of the member's in the committee room at the same time; three or four would be there at once, and then some member would leave, to attend a meeting of some other committee. Stewart explained to such of the committee members as were there the facts and the law as he understood them. The relief bill was passed, appropriating $800, and Davis received the money. To what extent, if at all, the passage of the bill was due to the efforts of Bartlett and Stewart, need not be discussed.

The question whether or not such contracts are enforceable, is one concerning which the authorities are in conflict. Some hold them to be void as against public policy; others hold to the contrary. It is not necessary to determine that question at this time, for even if the contention of Bartlett that such contracts are valid is sound—and as to that we express no opinion—he is not entitled to recover in this case. "Where persons act as counsel or agents, or in any representative capacity, it is due to those before whom they plead or solicit, that they should honestly appear in their true character, so that their arguments and representations, openly and candidly made, may receive their first [just] weight and consideration." 6 R. C. L., p. 735. While the fact that Bartlett and Stewart appeared with Davis in furtherance of a bill for the relief of Davis may have been a sufficient intimation to the committee members before whom they appeared that Bartlett and Stewart were acting in the interests of Davis, that was not enough to satisfy the requirements of the occasion. They should have disclosed the fact that they were to receive, for their services, compensation contingent upon the passage of the relief bill and the payment to Davis of the amount appropriated. There is no indication in the record, nor is it claimed, that they made such disclosure, or that the members of the committee otherwise acquired knowledge

of the agreement for a contingent fee. Such information was necessary to enable the committee members to give to the representations and arguments of Bartlett and Stewart the just weight and consideration to which, in the light of the circumstances, they were entitled.

For the failure of Bartlett and Stewart to make, openly and candidly, a disclosure of their pecuniary interest in the passage of the relief bill, Bartlett lost the right, if indeed he otherwise would have had the right—and as to that we express no opinion—to recover compensation for the services of himself and Stewart.

The judgment is reversed.